## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KIMBERLY FERRELL,**

       **Plaintiff,**                           **CASE NO.:**

**v.**

**LGI HOMES CORPORATE, LLC,**

       **Defendant.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KIMBERLY FERRELL, by and through her undersigned counsel, hereby sues Defendant, LGI HOMES CORPORATE, LLC, and states as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to the Americans With Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. Ch. 126 § 12101 et seq.

2.    Venue lies within United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.      At all times material herein, Plaintiff, KIMBERLY FERRELL, was and is resident of Hillsborough County, Florida.

4.      At all times material herein, Defendant, LGI HOMES CORPORATE, LLC, was and is a foreign company, licensed and authorized to and doing business in Hillsborough County, Florida.

5.      Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6.      All conditions precedent to bringing this action have occurred.

7.      On January 9, 2023, Plaintiff filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").  The Right to Sue was issued on June 8, 2023.  More than 180 days have passed since the filing of the Charge of Discrimination.

## FACTUAL ALLEGATIONS

8.      Plaintiff began her employment with the Defendant in May of 2014 as an executive administrator, and later became a new home sales consultant.

9.       Plaintiff is a qualified person with a medical condition that substantially limits several of her major life activities.

10.   Plaintiff was on FMLA beginning in mid-September 2022.

11.   On December 6, 2022, Plaintiff's FMLA expired.

12.   Defendant extended Plaintiff's FMLA leave, as a reasonable accommodation until December 28, 2022.

13.   At the end of 2022, Plaintiff's doctor required that she extend her medical leave one more month through January 29, 2023.

14.   On January 3, 2023, Plaintiff submitted an ADA accommodation request for medical leave set to end on January 29, 2023.

15.   Two days later, Connie Sonier (VP of Human Resources) sent a letter terminating Plaintiff, claiming that the additional one-month leave was an undue burden.

16.   Defendant refused to engage in an interactive process with Plaintiff to determine whether Plaintiff's request was a reasonable accommodation request.

17.   Defendant claims that Plaintiff's request for a reasonable accommodation was a ruse to enhance the value of her ongoing workers compensation claim.

## COUNT I
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") DISABILITY DISCRIMINATION

18.     Plaintiff realleges and adopts the allegations in paragraphs 1 through 17 as if set out in full hereafter.

19.     Plaintiff is an individual entitled to protection under the Americans With Disabilities Act Amendments Act of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

20.     Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of her job with Defendant.

21.     By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability.

22.     As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant.

   a.     Back pay and benefits;

   b.     Interest on back pay and benefits;

   c.     Front pay and benefits;

   d.     Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

   e.     Pecuniary and non-pecuniary losses;

f.     Attorney's fees and costs; and

g.     For any other relief, this Court deems just and equitable.

**COUNT II**
**FLORIDA CIVIL RIGHTS ACT ("FCRA")**
**DISABILITY DISCRIMINATION**

23.    Plaintiff realleges and adopts the allegations in paragraphs 1 through 17 as if set out in full hereafter.

24.    Plaintiff is an individual entitled to protection under the Florida Civil Rights Act, *Fla. Stat.* §760, *et seq.*

25.    Plaintiff is an employee within the meaning of the Florida Civil Rights Act.

26.    Plaintiff is an individual with a disability within the meaning of the Florida Civil Rights Act.

27.    Plaintiff was a qualified individual with a disability within the meaning of the Florida Civil Rights Act because Plaintiff, with or a reasonable accommodation, could perform the essential functions of her job.

28.    By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and/or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Florida Civil Rights Act.  Specifically, Defendant terminated Plaintiff's employment.

29.     The above-described acts of disability discrimination constitute a violation of the FCRA, for which Defendant is liable.

30.     Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

31.     Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

32.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.     Back pay and benefits;

    b.     Prejudgment interest on back pay and benefits;

    c.     Front pay and benefits;

    d.     Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.     Attorneys' fees and costs;

    f.     Injunctive relief; and

    h.     For any other relief this Court deems just and equitable.

## COUNT III
## (FAMILY AND MEDICAL LEAVE ACT - RETALIATION)

33.     Plaintiff realleges and adopts the allegations in paragraphs 1 through 17 as if set out in full hereafter.

34.     Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's request for time off and utilization of qualified FMLA leave was a substantial or motivating factor that prompted Defendant to terminate Plaintiff.

35.     Defendant's actions constitute a violation of the FMLA.

36.     As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

     a.     Back pay and benefits;

     b.     Prejudgment interest on back pay and benefits;

     c.     Front pay and benefits;

     d.     Liquidated damages;

     e.     Attorneys' fees and costs;

     f.     Injunctive relief; and

     g.     For any other relief, this Court deems just and equitable.

## COUNT IV
## WORKERS' COMPENSATION RETALIATION

37.     Plaintiff realleges and adopts the allegations in paragraphs 1 through 17 as if set out in full hereafter.

38.     At all times material herein, Plaintiff was an employee within the meaning of Section 440.02, *Florida Statutes*.

39.     Plaintiff was retaliated against by Defendant as a direct result of and in retaliation for her valid claim for workers' compensation benefits and/or Plaintiff's attempt to exercise her rights under Florida's workers' compensation law.

40.     The retaliatory actions by Defendant constitute a violation of Section 440.205, *Florida Statutes.*

41.     As a direct result of Defendant's unlawful retaliatory actions, Plaintiff has sustained damages against Defendant.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.      Back pay and benefits;

    b.      Interest on back pay and benefits;

    c.      Front pay and benefits;

    d.      Compensatory damages, including for emotional pain and suffering;

    e.      Other non-pecuniary losses;

    f.      Injunctive and/or equitable relief;

    g.      Reinstatement;

    h.      Punitive damages;

    i.      Such other relief as this Court deems just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

42.    Plaintiff, KIMBERLY FERRELL, demands a trial by jury on all issues

so triable.

**DATED** this 10th day of August 2023.

FLORIN|GRAY

/s/Christopher D. Gray
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
Primary:  chris@floringray.com
Secondary:  debbie@floringray.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
Attorneys for Plaintiff